UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:25-CR-00062-REW-EBA-2 |
| v. | ) | |
| | ) | |
| SHAWN P. DAVIDSON, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 52 (Minute Entry), United States Magistrate Judge Edward B. Atkins recommended that the undersigned accept Defendant Shawn P. Davidson's guilty plea and adjudge him guilty of Count Three of the Indictment (DE 1). *See* DE 55 (Recommendation); *see also* DE 54 (Plea Agreement). Judge Atkins expressly informed Davidson of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 55 at 2. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver

and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 55, **ACCEPTS** Davidson's guilty plea, and **ADJUDGES** Davidson guilty of Count Three of the Indictment.

2. The Court will issue a separate sentencing order.[1]

This the 20th day of February, 2026.



Signed By:
**Robert E. Wier**
United States District Judge

---

[1] At the hearing, Judge Atkins remanded Davidson to custody. *See* DE 52. This was his status pretrial. *See* DE 27. Absent an intervening order, Davidson will remain in custody pending sentencing.